IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION


| NIPPONKOA INSURANCE COMPANY, LTD., | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No. 04 C 5648 |
| GLOBEGROUND SERVICES, INC. and GLOBEGROUND NORTH AMERICA, LLC, | ) |
| Defendants. | ) |
| GLOBEGROUND NORTH AMERICA, LLC, | ) |
| Third-Party Plaintiff, | ) |
| v. | ) |
| WORLDWIDE FLIGHT SERVICES, INC., | ) |
| Third-Party Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

This case centers on the theft of laptop computers that were being shipped by air from the Philippines to the United States. The laptops were stolen from an air freight warehouse located on the grounds of O'Hare International Airport in Chicago, Illinois. Plaintiff Nipponkoa Insurance Company, Ltd. insured the owner of the laptops. Plaintiff paid its insured $340,374.70. Plaintiff brings this action in its own name as the

subrogee of its insured. Defendant GlobeGround North America, LLC ("GGNA") contends the Warsaw Convention applies to plaintiff's claims, and that Article 22 limits its potential liability to approximately $20,000. Discovery has been completed and defendant has moved for partial summary judgment on the Warsaw Convention issue. That motion is fully briefed. As is explained below, though, it appears that this court does not have proper jurisdiction over this case. Therefore, this case will have to be remanded to the state court from which it was removed. However, since the parties have not yet had an opportunity to address the jurisdictional issue, no remand order will be entered until after the parties have had an opportunity to address the jurisdictional issue.

According to the Complaint, plaintiff is a Japanese corporation with its principal place of business in Tokyo, Japan. For purposes of diversity, it is a citizen of a foreign state. In the Circuit Court of Cook County, Illinois, plaintiff brought suit against defendants GlobeGround Services, Inc. ("GGS") and GGNA. Other than alleging different states of incorporation, the Complaint does not differentiate between the two named defendants. See Compl. ¶ 3. Throughout the Complaint, the two defendants are jointly referred to as GlobeGround. Apparently, plaintiff subsequently determined that GGNA only was the party

responsible for the pertinent warehouse. GGS may not have been served and plaintiff has not moved to voluntarily dismiss it. Also, GGS has not answered, but no motion for a default has been brought.

The laptops at issue were being shipped via air from the Philippines to Bensenville, Illinois, a Chicago suburb. After arriving at O'Hare, they were placed in a warehouse on airport grounds. The warehouse is run by GGNA. It is undisputed that an individual picked up the goods from the warehouse, had them loaded in his truck, and drove off with the goods. That person was not the proper consignee, a fact that was discovered when the proper consignee later appeared to pick up the goods. Plaintiff contends GGNA did not have proper procedures in place nor adequately trained employees to prevent this occurrence and that those procedures were so deficient as to constitute gross negligence or recklessness. Plaintiff also alleges that warehouse employees were involved in the theft. On summary judgment, plaintiff implies there was dishonest conduct by one warehouse employee, but does not actually contend there is sufficient evidence to infer that the employee acted in concert with the thief or thieves.

The Complaint contains five counts, all sounding in state law. Count I is denominated as a claim for negligence. Count II

is labeled as a claim for gross negligence and/or willfulness. Count III is a breach of contract claim based on plaintiff being a third-party beneficiary. Plaintiff contends the contract between GGNA and the air carrier had provisions intended to benefit the owners of cargo being stored at the warehouse. Count IV is a claim for conversion alleging one or more warehouse employees "either intentionally converted the Shipment or failed to provide the appropriate services as required and sufficient to prevent delivery of the Shipment to unauthorized persons." Compl. ¶ 28. Count V is a claim for breach of bailment, citing 810 ILCS 5/7-101 et seq.

Defendant GGNA removed this case from state court. GGS did not consent to the removal.[1] GGNA based its removal on two jurisdictional grounds. First, it contended that there was federal question jurisdiction based on the Warsaw Convention. Second, it contended there was diversity jurisdiction. Since plaintiff claimed more than $350,000 in damages, the jurisdictional amount requirement was satisfied. See 28 U.S.C. § 1332(a). As to diversity of citizenship, GGNA alleged that plaintiff is a foreign citizen. This was consistent

---

[1] At this point, it would be too late to raise any possible issue regarding GGS's failure to join in the removal. See 28 U.S.C. § 1447(c); Doe v. GTE Corp., 347 F.3d 655, 657 (7th Cir. 2003).

with the Complaint which supports that plaintiff was a citizen of Japan as of the time the Complaint was filed. As to GGS, GGNA alleges that, as of the time of removal, GGS was an Ohio corporation with its principal place of business in Ohio. As to itself, GGNA alleges that, as of the time of removal, it was a Delaware corporation with its principal place of business in New York.[2] If both defendants are regular corporations, these allegations would support that there was diversity of citizenship, there being a lawsuit between a citizen of a foreign state and citizens of Ohio, Delaware, and New York. See 28 U.S.C. § 1132(a)(2). After removal, GGNA brought a third-party action against Worldwide Flight Services, Inc., which is alleged to be a Delaware corporation with its principal place of business in Texas. Worldwide allegedly provided certain services at the warehouse, including document handling at the warehouse. No independent basis for jurisdiction is alleged in the Third-Party Complaint. Instead, it is alleged that jurisdiction is supplemental to the main action. Third-Party Compl. ¶ 6.

---

[2]Plaintiff had alleged that the principal place of business of each defendant was in Illinois. Complaint ¶ 3. GGNA's allegations as to the locations of the two defendants' principal places of business will be accepted as true.

There are problems with both of the grounds for jurisdiction that are relied upon in the notice of removal. As to federal question jurisdiction, a corollary of the well-pleaded complaint rule is that a defense based on preemption by a federal statute does not support federal question jurisdiction unless the statute so completely preempts the field that the claim otherwise denominated as being pursuant to state law must be viewed as a claim under the federal statute. Adkins v. Illinois Central R. Co., 326 F.3d 828, 835 (7th Cir. 2003); Rogers v. Tyson Foods, Inc., 308 F.3d 785, 787-88 (7th Cir. 2002); Magyery v. Transamerica Financial Advisors, Inc., 315 F. Supp. 2d 954, 957-58 (N.D. Ind. 2004). Here, plaintiff has brought only state law claims. It does not contend that any of its claims are pursuant to the Warsaw Convention. To the contrary, it contends that the Warsaw Convention does not apply to any of its claims because GGNA is not an agent of the air carrier. It also contends the Warsaw Convention would not apply to any of the claims because GGNA's conduct was grossly negligent, reckless, or willful. Additionally, plaintiff contends that the contractual provision upon which Count III is based may be pursued separately from any Warsaw Convention limitation.

Regardless of whether the Warsaw Convention limitations apply, it is clear that plaintiff's claims sounded in state law

and were not based on the Warsaw Convention. Therefore, plaintiff's claims can only be considered federal claims if the Warsaw Convention has so completely preempted the field that plaintiff's claims must be understood to be claims under that provision, which would be considered federal question claims. Cases, however, hold that the Warsaw Convention does not completely preempt the field. See Rogers v. American Airlines, Inc., 192 F. Supp. 2d 661, 664-72 (N.D. Tex. 2001) (claim based on delay); Akrami v. British Airways PLC, 2002 WL 31031324 *4-8 (N.D. Cal. Sept. 10, 2002) (same); Pennington v. British Airways, 275 F. Supp. 2d 601, 603 (E.D. Pa. 2003) (personal injury claim); Dorazio v. UAL Corp., 2002 WL 31236290 *2-3 (N.D. Ill. Oct. 2, 2002) (same). See also Mraz v. Lufthansa German Airlines, 2006 WL 267361 (E.D.N.Y. Feb. 2, 2006) (claim based on being bumped from flight--discussing whether the Warsaw Convention completely preempts the field, but ordering further briefs before resolving the issue). Contra Husmann v. Trans World Airlines, Inc., 169 F.3d 1151, 1152-53 (8th Cir. 1999) (personal injury claim); In re Air Crash at Belle Harbor, 2002 WL 31356266 *3-5 (S.D.N.Y. Oct. 17, 2002) (same). The cases holding that the Warsaw Convention does not completely preempt the field are persuasive. Federal question jurisdiction may not be invoked based on the

Warsaw Convention defense regardless of whether it applies to limit any of plaintiff's claims.

The other ground for jurisdiction is diversity. The problem with that contention is that, although the notice of removal alleges that GGNA is a corporation, having "LLC" in its name strongly indicates otherwise. See Del. Code tit. 6, § 18-102(1) (limited liability company "shall" have "limited liability company," "L.L.C.," or "LLC" in its name). Compare Del. Code tit. 8, § 102(a)(1) (permissible names for corporations). Moreover, in the Third-Party Complaint, GGNA expressly alleges that it is a Delaware limited liability company. Third-Party Compl. ¶ 2. For purposes of diversity, the citizenship of a limited liability company, including a Delaware limited liability company, is the citizenship of all of its members; the same rule that applies to a partnership. Commonwealth Insurance Co. v. Titan Tire Corp., 398 F.3d 879, 881 n.1 (7th Cir. 2004); Wise v. Wachovia Securities, LLC, 450 F.3d 265, 267 (7th Cir. 2006). There are no allegations in the notice of removal regarding the members of GGNA nor their citizenship as of the time of removal. Therefore, the satisfaction of any diversity requirement as of the time of removal cannot presently be determined with certainty. However, Fed. R. Civ. P. 7.1 and N.D. Ill. Loc. R. 3.2 require that corporate parties file a statement disclosing certain

affiliates. GGNA filed such a statement identifying Penauille Polyservices as owning 10% or more of GGNA's stock. That would make Penauille Polyservices one of GGNA's members. Penauille Polyservices apparently is a French corporation and/or has its principal place of business in France. See <u>Penauille Polyservices</u>, Hoover's In-Depth Company Records (Aug. 23, 2006), available on Westlaw at 2006 WLNR 14589539; Claude Solnik, <u>Global Conglomerates Snap Up Long Island Giants</u>, Long Isl. Bus. News, Nov. 5, 2004, available on Westlaw at 2004 WLNR 21162814; http://biz.yahoo.com/ic/102/102867.html. That would mean the citizenship of GGNA includes being a citizen of a foreign state. Taking into account other possible members, GGNA may also be a citizen of one or more domestic states.

If any member of GGNA is a citizen of Illinois, then removal was improper because a citizen of the forum state cannot remove a case based on diversity. 28 U.S.C. § 1441(b). That, however, is a procedural defect that ordinarily must be raised by the non-removing party within 30 days of removal. <u>Id.</u> § 1447(c); <u>Hurley v. Motor Coach Industries, Inc.</u>, 222 F.3d 377, 379-80 (7th Cir. 2000), <u>cert denied.</u>, 531 U.S. 1148 (2001); <u>Caggiano v. Pfizer, Inc.</u>, 384 F. Supp. 2d 689, 691 (S.D.N.Y. 2005). At the time of removal, though, GGNA misstated its citizenship, so plaintiff could not have known at that time if GGNA had any

Illinois citizenship. If GGNA does subsequently reveal that it has only domestic citizenship, and that includes Illinois citizenship, it is possible that plaintiff would still have until 30 days after that information is first disclosed to move for a remand based on improper removal by a home-forum defendant. Cf. Caggiano, 384 F. Supp. 2d at 691-92 (where defendant had good faith basis for removal based on federal question jurisdiction, plaintiffs' time to move for remand based on removal by home-forum citizen did not begin to run until court had ruled that diversity was the only proper jurisdictional basis for removal).

Assuming GGNA is, at least in part, a citizen of a foreign state, diversity of citizenship is not satisfied. The suit would be between a foreign state citizen plaintiff and defendants who are citizens of both domestic states and one or more foreign states.[3] That is not a proper basis for jurisdiction under the federal diversity statute. Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 569 (2004); Salton, Inc. v. Philips Domestic Appliances & Personal Care B.V., 391 F.3d 871, 875 (7th

---

[3] Even if GGNA's members are citizens only of foreign states and GGS's citizenship should be ignored because it is only a nominal party, the lawsuit would only involve citizens of foreign states, which would not be a proper basis for diversity jurisdiction. See Sadat v. Mertes, 615 F.2d 1176, 1183 (7th Cir. 1980); Papst Licensing GmbH & Co. KG v. Sunonwealtlh Electric Machine Ind. Co., 332 F. Supp. 2d 1142, 1150 (N.D. Ill. 2004); Charles Alan Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice & Procedure: Jurisdiction 2d § 3604 at 384-85 (1984).

Cir. 2004), cert. denied, 125 S. Ct. 2992 (2005); <u>Allendale Mutual Insurance Co. v. Bull Data Systems, Inc.</u>, 10 F.3d 425, 428 (7th Cir. 1993); <u>Chiu v. Au</u>, 2003 WL 21251964 *3 (N.D. Ill. May 29, 2003); <u>Bank of Nova Scotia v. S & W Berisford, Inc.</u>, 753 F. Supp. 237, 237-38 (N.D. Ill. 1990).

For the foregoing reasons, it appears that this court lacks jurisdiction over this case. Therefore, this case should be remanded to the Circuit Court of Cook County. However, before remanding the case, the parties will have an opportunity to address the jurisdictional issue. If either party contends this case should remain in federal court, it must present a motion for reconsideration by no later than October 11, 2006. Any motion by GGNA must be accompanied by a statement setting forth the members of GGNA and the citizenship of each member. As to any corporate members, the state of incorporation and principal place of business must be provided. As to any members that are a partnership or limited liability company, every partner or member of those entities and their citizenship must be provided. If plaintiff moves for reconsideration, promptly after receiving notice of such a motion, GGNA must provide the aforementioned information regarding its citizenship. If no motion for reconsideration is filed, the case will be remanded shortly after October 11, 2006. In the meantime, GGNA's motion for summary

judgment pending in this court will be denied without prejudice to renoticing that motion before the state judge following remand. If reconsideration is granted and the case remains here, the denial of summary judgment will be vacated and the summary judgment motion will be ruled upon shortly thereafter.

IT IS THEREFORE ORDERED that the court notes for the record that it appears that this case was improvidently removed and should be remanded to the state court. A remand is not ordered at this time. By October 11, 2006, either party may present a motion for reconsideration regarding jurisdiction and remand. Defendant's motion for partial summary judgment [25] is denied without prejudice.

ENTER:

*William T. Hart*
UNITED STATES DISTRICT JUDGE

DATED: SEPTEMBER 28, 2006